UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**DOUGLAS SIMPSON individually and on behalf of all those similarly situated,**

                **Plaintiff,**      Case No.

v.

**INDYMAE, LLC,**

                **Defendant.**
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Douglas Simpson, appearing both individually and on behalf of all others similarly situated, by and through his attorneys, brings this class action against Defendant, IndyMae, LLC, based upon personal knowledge as to his own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

### NATURE OF THE ACTION

1.  This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

---

[1] The amendment to the FTSA became effective on July 1, 2021.

2. This is also a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

3. Defendant IndyMae offers a service where they offer loans and lines of credit to individuals.

4. Defendant IndyMae uses automated systems to make outbound telemarketing calls to hundreds if not thousands of consumers across U.S., soliciting consumers to solicit the purchase of their services.

5. By doing so, Defendant IndyMae has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059 and it violated the TCPA when it contacted numbers on the National Do Not Call Registry. Defendant has caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted telephonic sales calls to their phones.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the FTSA and TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

## THE PARTIES

7. Plaintiff Douglas Simpson is a citizen and resident of Florida.

8. Defendant IndyMae, LLC is a Florida limited liability company.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

10. This Court has specific personal jurisdiction over IndyMae, LLC because the company sends telemarketing calls into this District and is also a resident of this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone calls at issue were made from and to this District.

## STATEMENT OF FACTS

12. Plaintiff Simpson is the subscriber and the sole user of the cell phone number ending with 727-470-xxxx.

13. This number has been on the National Do Not Call Registry since at least 2020.

14. The number is not associated with any business.

15. The number is for personal use.

16. On July 12 and 19, 2022, Plaintiff Simpson received telemarketing calls from IndyMae.

17. The Plaintiff answered both calls.

18. The Defendant offered them their loan services.

19. To confirm the entity calling him, the Plaintiff spoke with a James Williams and received an e-mail from introduction@indymae.com.

20. The Plaintiff received calls from two Caller IDs, (470) 329-9775 and (385) 293-2825.

21. Calls back to each of those numbers results in a recorded message saying "Thank you for calling IndyMae".

22. All of the calls started with silence before a click and a pause sound before someone came on the telephone line.

23. In response to these unsolicited telephonic calls, Plaintiff files this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Class, attorneys' fees, and costs.

## CLASS REPRESENTATION ALLEGATIONS

24. Plaintiff seeks to represent a class of similarly situated individuals pursuant to Fed. R. Civ. P. (b)(2) and (b)(3), consisting of:

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding

> Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.
>
> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers on the National Do Not Call Registry for at least 31 days, (2) received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

26. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

## Numerosity

27. Members of the Class are so numerous that their individual joinder is impracticable.

28. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

29. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

### Commonality

30. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

31. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act and Florida Telephone Solicitation Act, Fla. Stat. § 501.059 subsection and (2) whether Class Members are entitled to statutory damages for the aforementioned violations.

### Typicality

32. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited, autodialed telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

33. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

34. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

## Superiority

35. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

36. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

37. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

38. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

39. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

40. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
## Violation of the Florida Telephone Solicitation Act,
## Fla. Stat. § 501.059
## On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class

41. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

43. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

44. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

45. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

46. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

47. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

48. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

49. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

50. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

51. The Defendant's violations were negligent, willful, or knowing.

52. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

53. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Classes under Florida Rule of Civil Procedure 1.220 and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

(i) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

Dated: September 13, 2022　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ Avi R. Kaufman
　　　　　　　　　　　　　　　　　Avi R. Kaufman (FL Bar no. 84382)
　　　　　　　　　　　　　　　　　kaufman@kaufmanpa.com
　　　　　　　　　　　　　　　　　Rachel E. Kaufman (FL Bar no. 87406)
　　　　　　　　　　　　　　　　　rachel@kaufmanpa.com
　　　　　　　　　　　　　　　　　KAUFMAN P.A.
　　　　　　　　　　　　　　　　　237 S. Dixie Hwy, 4th Floor
　　　　　　　　　　　　　　　　　Coral Gables, FL 33133
　　　　　　　　　　　　　　　　　Telephone: (305) 469-5881

　　　　　　　　　　　　　　　　　*Counsel for Plaintiff and all others similarly situated*